791 So.2d 315 (2001)
Jerome McCUISTON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-01195-COA.
Court of Appeals of Mississippi.
July 24, 2001.
*316 Jerome McCuiston, pro se.
Office of the Attorney General by John R. Henry Jr., Attorney for Appellee.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
THOMAS, J., for the Court:
¶ 1. Jerome McCuiston, pro se, appeals an order of the Circuit Court of Marshall County, Mississippi denying his petition for post-conviction relief. Aggrieved, McCuiston perfected this appeal, raising the following issues as error:
I. WHETHER MCCUISTON WAS DENIED DUE PROCESS BY BEING SENTENCED FOR ARMED ROBBERY, WHEREAS HE SHOULD HAVE BEEN CHARGED ONLY AS AN ACCESSORY?
II. WHETHER MCCUISTON WAS IMPROPERLY SENTENCED BECAUSE HE WAS SENTENCED WITHOUT BENEFITS OF PAROLE?
III. WAS THE GUILTY PLEA UNINFORMED AND INVOLUNTARY?
IV. WAS MCCUISTON DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On July 30, 1990, Jerome McCuiston and others were indicted and charged with having committed robbery with a deadly weapon of the Potts Camp Bank, this robbery having occurred on or about May 10, 1996. On November 4, 1996, McCuiston pled guilty to armed robbery and was sentenced to serve a term of ten years with three years suspended.
¶ 4. McCuiston filed a motion for postconviction relief. In his motion McCuiston asserts that he was denied due process by being sentenced for armed robbery, that he was improperly sentenced, that his plea was uninformed and involuntary, and that he was provided ineffective assistance of counsel. The circuit court entered an order denying McCuiston's motion. It is from this denial that McCuiston now appeals.

*317 ANALYSIS

I.

WHETHER MCCUISTON WAS DENIED DUE PROCESS BY BEING SENTENCED FOR ARMED ROBBERY, WHEREAS HE SHOULD HAVE BEEN CHARGED ONLY AS AN ACCESSORY?
¶ 5. McCuiston argues that he was denied due process by being charged with armed robbery, when he should have been charged only as an accessory. In a clear misunderstanding of the law, McCuiston attempts to assert that he was not guilty of armed robbery due to the fact that he never had a deadly weapon in his possession nor did he ever enter the Potts Camp Bank. McCuiston attempts to claim that he was an accessory after the fact. However, McCuiston testified in his plea colloquy that he drove the car to the bank knowing what the passengers therein intended to do. McCuiston waited for those people outside the bank, his job being to drive the "get-away" car when the robbery was completed. McCuiston's acts were certainly the crime of aiding and abetting an armed robbery, and McCuiston has failed to put forth any substantial evidence to the contrary. McCuiston fails to realize that one who buys into part of a crime buys into all of the crime.
¶ 6. Mississippi Code Annotated Section 97-1-3 (Rev.2000) encompasses both accessory before the fact and aiding and abetting and states that "[e]very person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal has been previously convicted or not." Our Mississippi Supreme Court defined aiding and abetting in Hoops v. State, 681 So.2d 521, 533 (Miss.1996) and held that any individual who is present during the commission of a crime and aids, counsels, or encourages another in the execution of that offense is an "aider and abettor" and is as guilty as the principal offender. This Court has held that there is no distinction between an aider and abetter and accessory before the fact of the commission of a crime in terms of criminal liability. Walton v. State, 752 So.2d 452 (¶ 16) (Miss.Ct.App.1999). All are prosecutable as principals to the offense. Id. McCuiston in his plea colloquy readily admitted that he had knowledge that he would be involved in the bank robbery and was an active participant in the commission of the robbery. McCuiston aided and abetted the execution of the crime. Therefore, under the aforementioned law McCuiston would be punished as if he were the principal. This argument is without merit.

II.

WHETHER MCCUISTON WAS IMPROPERLY SENTENCED BECAUSE HE WAS SENTENCED WITHOUT BENEFITS OF PAROLE?
¶ 7. McCuiston claims that the circuit court erred in denying parole for the seven years of his ten-year sentence. Even if the circuit court had no authority concerning parole eligibility, McCuiston would not be eligible for parole according to Miss.Code Ann. § 47-7-3(1)(d)(ii) (Rev. 2000). The circuit court's sentence concerning McCuiston's parole ineligibility was essentially merely a declaration of the law. The issue that McCuiston was improperly sentenced is without merit.

III.

WAS THE GUILTY PLEA UNINFORMED AND INVOLUNTARY?
¶ 8. McCuiston alleges that his attorney improperly advised him and *318 coerced him into pleading guilty. The standard of review pertaining to voluntariness of guilty pleas is well settled: "this Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous." Schmitt v. State, 560 So.2d 148, 151 (Miss.1990). The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence. Id. at 151 (superceded by Miss. Code Ann. § 99-39-23 (Rev.2000)).
¶ 9. McCuiston alleges that counsel told him the sentence carries a life imprisonment, unless there could be a bargain made for a plea of guilty; however, McCuiston fails to put forth any proof of this allegation. Moreover, the advice was correct; McCuiston could have received a life sentence if he went to trial. McCuiston also alleges that counsel told him that if he did not admit his guilt he would be tried, but this was obviously in the nature of advice and was correct advice. McCuiston fails to put forth any allegation in his affidavit that the attorney coerced him into pleading guilty. Therefore, we find that there was no coercion and that McCuiston has failed to provide any proof that he was improperly informed. Moreover, his allegations are without merit in that the guilty plea hearing transcripts provide ample evidence to the contrary.

IV.

WAS MCCUISTON DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 10. McCuiston asserts an ineffective assistance of counsel claim. To prevail on the issue of whether his counsel's performance was ineffective, McCuiston is required to show that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The burden is on the defendant to bring forth proof which demonstrates that both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss. 1994).
¶ 11. McCuiston "must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different." Finley v. State, 739 So.2d 425 (¶ 8) (Miss.Ct.App.1999) (quoting Ford v. State, 708 So.2d 73, 75 (Miss.1998)). "To merit an evidentiary hearing on the issue of ineffective assistance of counsel, a defendant's allegations of counsel's performance must raise `sufficient questions of fact on the issue of ineffective assistance of counsel.'" Finley, 739 So.2d at (¶ 10) (quoting Roland v. State, 666 So.2d 747, 750 (Miss.1995)).
¶ 12. McCuiston argues that his counsel was deficient because he failed to properly counsel and inform McCuiston on his case. Other than the bold allegations put forth by McCuiston's petition, he fails to offer any proof to substantiate his allegations and how these allegations made counsel's performance deficient. A defendant "must prove that, under the totality of the circumstances, prejudice resulted from a deficiency in [trial] counsel's performance." Earley v. State, 595 So.2d 430, 433 (Miss.1992). In addition such deficiencies must be presented with specificity and detail. Perkins v. State, 487 So.2d 791, 793 (Miss.1986). McCuiston fails to provide any facts or arguments to support this *319 claim. Furthermore, McCuiston testified affirmatively during his plea colloquy that he was satisfied with the services rendered by his counsel and that he had no complaints against him. McCuiston's allegations of ineffective assistance of counsel are without merit in that the guilty plea petition provides ample evidence to the contrary.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.