THOMAS, J.,
for the Court.
¶ 1. James R. Rushing, Jr., a/k/a Devil Catcher, appeals an order of the Circuit Court of Lauderdale County denying his petition for post-conviction relief. Aggrieved, Rushing asserts the following issues on appeal:
I. WHETHER A DEFENDANT IS DENIED DUE PROCESS OF LAW AND FUNDAMENTAL FAIRNESS WHEN THE HEARING JUDGE FINDS THAT HAD THE RECANTING WITNESS TESTIFIED THERE WAS NO WAY TO KNOW WHAT SHE WOULD SAY, WHETHER TO SUPPORT HER TRIAL TESTIMONY OR RECANT IT, AND DENIES A NEW TRIAL BY FINDING THAT RECANTING DEPOSITION WAS THE RESULT OF PRESSURE, WHERE THE ULTIMATE FINDING OF TRUTH AT TRIAL IS CLEARLY ERRONEOUS AND NOT SUPPORTED BY SUBSTANTIAL EVIDENCE AND A NEW TRIAL SHOULD BE ORDERED.
II. WHETHER THE STANDARD OF REVIEW IS ONE OF DE NOVO RATHER THAN DEFERENCE WHEN THE HEARING JUDGE REFLECTS IN HIS OPINION AND RULING THAT THE RECANTING WITNESS CANNOT BE *118 RELIED UPON TO TELL THE TRUTH, BUT FAULTS THE PRISONER FOR NOT CALLING HER AS HIS WITNESS WHERE THE DISTRICT ATTORNEY HAS OBTAINED HER AFFIDAVIT REAFFIRMING HER TRIAL TESTIMONY AND THAT SUCH BELIEF IN THE FINAL DISTRICT ATTORNEY’S AFFIDAVIT REFLECTS THAT THE HEARING JUDGE HAS ACCEPTED THE BELIEF THAT THE DISTRICT ATTORNEY’S AFFIDAVIT IS THE TRUTH WITHOUT SUFFICIENT EVIDENCE AND A NEW TRIAL SHOULD BE ORDERED.
III. WHETHER A DEFENDANT IS DENIED DUE PROCESS OF LAW, THE RIGHT TO CONFRONTATION AND FUNDAMENTAL FAIRNESS WHEN A RECANTING VICTIM’S HEARSAY STATEMENTS TO THE DISTRICT ATTORNEY ARE ALLOWED INTO EVIDENCE RESULTING IN A FINDING. THAT THE RECANTING DEPOSITION AND AFFIDAVITS WERE THE RESULT OF PRESSURE, WHEN THE RECANTING VICTIM HAS BECOME THE DISTRICT ATTORNEY’S WITNESS IN AN AFFIDAVIT ON THE EVE OF THE POST-CONVICTION RELIEF HEARING WHERE SHE REAFFIRMS HER TRIAL' TESTIMONY BUT THE DISTRICT ATTORNEY DOES NOT CALL HER TO THE STAND.
IV. WHETHER THE TRIAL JUDGE ABUSED HIS DISCRETION UPON A HEARING OF THE PRISONER’S MOTION FOR RECONSIDERATION WHICH ATTACHED AFFIDAVITS WHICH MATERIALLY CONTRADICTED THE STATE’S EVIDENCE AT THE EVIDENTIARY HEARING BY REFUSING TO CONSIDER THE AFFIDAVITS AND REFUSING TO RECONSIDER THE DENIAL OF POST-CONVICTION RELIEF AND THUS DEFENDANT IS DENIED DUE PROCESS OF LAW, THE RIGHT TO CONFRONTATION AND FUNDAMENTAL FAIRNESS.
Finding no error, we affirm.
FACTS
¶ 2. James R. Rushing, Jr. was convicted in the Circuit Court of Lauderdale County of aggravated assault and rape and was sentenced to twenty years on the aggravated assault and ten years on the rape conviction. On direct appeal the conviction and sentences.were affirmed by this Court. On Rushing’s petition for rehearing, the original opinion was withdrawn and the rape conviction and sentence were affirmed while the aggravated assault conviction was reversed and remanded. Rushing v. State, 753 So.2d 1136 (Miss.Ct. App.2000). Rushing filed a petition for certiorari with the Mississippi Supreme Court which was denied on April 17, 2000. Rushing then filed a petition for post-conviction relief with the Mississippi Supreme Court that was denied in part and granted in part with regard to the issue of “victim’s recanted testimony.” Rushing v. State, No.2000-M-01803 (Miss. Aug. 8, 2001).
¶ 3. The victim gave two affidavits where she denied a rape had occurred and admitted to lying and exaggerating the circumstances. Several months later, the victim gave an affidavit to the district attorney saying she was coerced into recanting her testimony and she reaffirmed her trial testimony that she was raped by Rushing. A post-conviction evidentiary hearing was held on September 19, 2001. Rushing was represented by counsel, and the trial court *119 heard testimony from Rushing, the victim’s attorney, Rushing’s appellate counsel, and a relative of the victim. Various affidavits of the victim were admitted into evidence as well as her deposition. The victim did not testify. After the hearing, the trial court denied Rushing’s motion for post-conviction relief. Rushing filed a motion for reconsideration and another hearing was held where the trial court denied the motion. Rushing then perfected an appeal to this Court.
ANALYSIS
¶ 4. Rushing’s assignments of error all essentially present the same argument. Rushing is aggrieved because the State did not call the rape victim to testify at the evidentiary hearing. Lacking the victim’s testimony, the trial judge made his decision based upon other testimony and evidence presented by both the defendant and the State. An evidentiary hearing is held so that the trial court can better evaluate the testimony of the recanting witness. Hardiman v. State, 789 So.2d 814, 817(¶ 12) (Miss.Ct.App.2001). On remand to the trial court, the burden is on the defendant as petitioner to establish the facts by a preponderance of the evidence that he would be entitled to the relief he seeks. Payton v. State, 845 So.2d 713, 716(¶ 8) (Miss.Ct.App.2003). This Court is thus reviewing an ultimate finding of fact, made by the trial judge sitting without a jury. Yarborough v. State, 514 So.2d 1215, 1220 (Miss.1987). The standard of review after an evidentiary hearing in post-conviction relief cases is well settled: “We will not set aside such a finding unless it is clearly erroneous.” Reynolds v. State, 521 So.2d 914, 918 (Miss.1988). Even if there is evidence to support the defendant’s claims, we will not vacate such a finding unless after examining all of the evidence we are left with the definite and firm conviction that a mistake has been made. Id.
¶ 5. At the hearing, Rushing chose not to call the victim as a witness, because as he states in his reply brief, “she had been coerced by the District Attorney and his staff to give an affidavit wherein she attempted to repudiate the recantations presented by Rushing.” Instead, Rushing through counsel presented the deposition of the victim taken by his counsel where she purportedly recanted her trial testimony. Rushing himself testified as well. The record shows that the victim was present in the courthouse and was therefore available to testify if called. The State presented the affidavit of the victim which explained that the recanted testimony was coerced and that she was tired of the phone calls she was receiving and that she could not live with herself if she did not tell the truth. After hearing the evidence, the trial court found that the trial testimony and most recent affidavit at the district attorney’s office affirming the trial testimony were truthful, and that the deposition taken by Rushing’s counsel was coerced.
¶ 6. Rushing now asserts that this Court should adopt a de novo standard of review for this appeal. It is the opinion of the State that the case at bar is a factual issue and that the trial judge applied the correct legal standard in his conclusions of law. We agree. The appropriate standard of review for denial of post-conviction relief after an evidentiary hearing is the clearly erroneous standard. Reynolds, 521 So.2d at 917-18. Rushing is aggrieved because the victim did not testify at the evidentiary hearing. The burden of proof was on him, however, and he had the opportunity to call the victim; he declined. “[I]t is the right and duty of the [trial] court to deny a new trial where it is not satisfied that such [recantation] testi *120 mony is true. Especially is this true where the recantation involves a confession of perjury.” Turner v. State, 771 So.2d 973, 977(¶ 12) (Miss.Ct.App.2000) (quoting Bradley v. State, 214 So.2d 815, 817 (Miss.1968)). The trial court was not only presented with a recantation by deposition, but with an affidavit that the recantation was coerced. The trial court did not err in its rulings and Rushing did not meet his burden of proof.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.