ROBERTS, J„
for the Court:
¶ 1. Larry Evans pled guilty to manslaughter and armed robbery. He later filed a motion for post-conviction relief. The circuit court summarily dismissed Evans’s motion. Aggrieved, Evans appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Evans and two accomplices robbed a convenience store in Hinds County, Mississippi. One of Evans’s accomplices shot Bharat Bhushan, a clerk at the convenience store. Bhushan survived. Evans chased another clerk, Dalijt Singh, out of the convenience store and shot him in the stomach. Singh did not survive.
¶ 3. On November 3, 2005, Evans was indicted and charged with capital murder, aggravated assault, and possession of a firearm by a previously convicted felon. The indictment against Evans also alleged that he qualified for enhanced sentencing as a habitual offender. According to the indictment, Evans had been convicted of armed robbery on July 8, 1999. Additionally, the indictment alleged that Evans had been convicted of theft of a motor vehicle on July 8,1999.
*924 ¶ 4. On January 12, 2007, Evans pled guilty to two felonies. The prosecution allowed Evans to plead guilty to manslaughter and armed robbery. In exchange for Evans’s guilty pleas, Evans avoided being prosecuted for capital murder. Additionally, the prosecution agreed to drop the charge of possession of a firearm by a previously convicted felon. Furthermore, the prosecution agreed not to pursue revocation of Evans’s probation for his previous 1999 conviction for armed robbery. In his petition to plead guilty, which was executed the same date Evans pled guilty, Evans stated that he expected to be sentenced to twenty years for manslaughter and fifteen years for armed robbery. He also stated that he expected the circuit court to run the sentences “consecutive to each other.” At the close of Evans’s guilty plea hearing, the circuit court sentenced Evans exactly as Evans had anticipated.
¶ 5. On December 10, 2008, Evans filed a motion for post-conviction relief. The circuit court resolved Evans’s motion by “denying” it. However, the circuit court also stated that its “denial” was under Mississippi Code Annotated section 99-39-11(2) (Rev.2007). Section 99-39-11(2) sets forth that a circuit court “may make an order for ... dismissal” if the circuit court finds that “it plainly appears from the face of the motion ... that the movant is not entitled to any relief.” We, therefore, interpret the circuit court’s order as a dismissal, rather than a denial of Evans’s motion.
¶ 6. Aggrieved, Evans appeals. According to Evans, the circuit court erred when it summarily dismissed his motion for the following reasons: (1) the prosecution did not tell him that his accomplices would be testifying against him until ten days prior to his scheduled trial date; (2) he had received ineffective assistance of counsel; (3) the transcript of his guilty plea and other documents were withheld from him while he was trying to prepare his motion for post-conviction relief; and (4) the circuit court failed to review the transcript of his guilty-plea hearing prior to summarily dismissing his motion.
STANDARD OF REVIEW
¶ 7. In reviewing a trial court’s dismissal of a motion for post-conviction relief, we will not disturb the circuit court’s factual findings unless they are clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, we review questions of law de novo. Id.
ANALYSIS
I. PROSECUTORIAL MISCONDUCT
¶ 8. Evans’s first and third issues are substantially the same. According to Evans, the circuit court erred when it summarily dismissed his motion for post-conviction relief because, ten days before his scheduled trial date, the prosecution informed him that his two accomplices would be testifying against him. Evans claims that the timing of the prosecution’s disclosure was “prosecutorial error, because the information was not included in discovery — exculpatory evidence.” Evans then cites Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) for the principle that “[s]uppression by the prosecution of evidence favorable to an accused who has requested it violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith of the prosecution.” Evans also argues that the prosecution engaged in impermissible misconduct by declining “to allow him a copy of the deposition of the accusations, and a chance to possibly impeach the credibility of the witness[es] against him.”
*925 ¶ 9. First and foremost, Evans’s guilty pleas waived any “non-jurisdictional rights or defects.” Campbell v. State, 878 So.2d 227, 230 (¶ 13) (Miss.Ct.App.2004). This includes any complaints regarding the timing of the prosecution’s disclosure that Evans’s two accomplices would be testifying against him. Second, the record contains no evidence that the prosecution had notice that Evans’s two accomplices would be testifying for the prosecution any earlier than when it disclosed that fact to Evans. Finally, Evans misunderstands the meaning of “exculpatory” evidence. The testimonies of Evans’s two accomplices that would have incriminated Evans would be inculpatory evidence rather than exculpatory evidence. We find no merit to this issue.
II. ASSISTANCE OF COUNSEL
¶ 10. In his second issue, Evans complains that he received ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, Evans bears the burden of demonstrating (1) a deficiency of his counsel’s performance that is (2) “sufficient to constitute prejudice to his defense.” Swington v. State, 742 So.2d 1106, 1114 (¶ 22) (Miss.1999) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (¶ 8) (Miss.1997)). In deciding whether Evans’s counsel rendered ineffective assistance, this Court examines the totality of the circumstances surrounding the case. Swington, 742 So.2d at 1114 (¶ 22). Evans faces a “strong but rebuttable presumption that counsel’s conduct falls within a broad range of reasonable professional assistance.” Id. at (¶ 23). To overcome this presumption, Evans must show “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. ... A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. (citations omitted).
¶ 11. A claim of ineffective assistance of counsel is meritless when that claim is based solely on the affidavit of the claimant. Rush v. State, 811 So.2d 431, 434 (¶ 5) (Miss.Ct.App.2001) (citing Lindsay v. State, 720 So.2d 182, 184 (¶ 6) (Miss.1998)). Evans did not support his claim with an affidavit other than his own. Additionally, during the guilty-plea hearing, the circuit court asked Evans whether he was “completely satisfied” with the performance of his court-appointed attorney. Evans responded, “[y]es, sir.” Evans also indicated that his attorney had explained everything in his guilty-plea petition “to [Evans’s] full satisfaction.” Even so, Evans complains that his court-appointed attorney was ineffective for two reasons. Assuming, for the sake of discussion, that Evans’s claims were not rendered merit-less because of his failure to support his claims with an affidavit from someone other than himself, we would find no merit to Evans’s arguments on appeal.
¶ 12. First, Evans argues that “if his court[-]appointed counsel would have done his job, and would have been properly prepared, there is a reasonable probability that he would have been given a different and lesser sentence.” Evans argues that his court-appointed attorney failed to investigate some unspecified mitigating evidence and, therefore, failed to present that unidentified mitigating evidence during Evans’s guilty-plea hearing. Evans concludes this line of reasoning by stating that the government “would not provide funding for [i]nvestigators, or [expert [witnesses to analyze the evidence, which [his court-appointed attorney] should have argued [under] this issue, but did not.”
*926 ¶ 13. “A defendant is not entitled to an investigator without showing a substantial need or concrete reasons why an investigator is necessary.” Roland v. State, 882 So.2d 262, 264-65 (¶ 6) (Miss.Ct.App.2004) (citing Manning v. State, 735 So.2d 323, 345-46 (¶ 51) (Miss.1999)). “It is insufficient to allege undeveloped assertions that the requested assistance would be beneficial.” Id. (citing Caldwell v. Miss., 472 U.S. 320, 323, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); Hansen v. State, 592 So.2d 114, 125 (Miss.1991)). Evans does not identify what mitigating evidence he expected his attorney to discover. At best, Evans seems to speculate that his attorney might have discovered some mitigating evidence if his attorney would have requested that the circuit court provide court-appointed investigators to assist his attorney. Evans’s argument is nothing more than speculation built upon speculation. We cannot find that the outcome of Evans’s sentence would have been different based on Evans’s first line of reasoning.
¶ 14. Second, Evans claims that his court-appointed attorney failed to recognize that the habitual-offender portion of the indictment failed to specify the dates of his prior sentences. Evans then states that circuit court never sentenced him as a habitual offender. According to Evans, the habitual-offender portion of his sentence “merely showed up on the sentencing order.” Evans argues that his court-appointed attorney was ineffective for failing to rectify this. Despite Evans’s assertion that the circuit court sentenced him as a habitual offender, we can find nothing in the record that confirms Evans’s assertion.
¶ 15. Evans was indicted as a habitual offender. He is correct that the circuit court did not mention sentencing him as a habitual offender. It is plainly obvious that the circuit court did not sentence Evans under Mississippi Code Annotated section 99-19-83 (Rev.2007) because the circuit court did not sentence Evans to life in the custody of the Mississippi Department of Corrections. There was no mention of sentencing Evans as a habitual offender during the guilty-plea hearing. The circuit court’s sentencing orders and the “prisoner commitment notice” documents have a notation at the top that states “habitual 99-19-81 or 99-19-83,” but those notations appear to reference the fact that he was indicted as a habitual offender—not that he was sentenced as a habitual offender. Evans is simply mistaken about being sentenced as a habitual offender. In any event, we do not find that Evans received ineffective assistance of counsel. Accordingly, we find no merit to this issue.
III. WITHHOLDING OF RECORDS
¶ 16. In this issue, Evans argues that the circuit court impermissibly denied his request for copies of his transcript and other records. According to Evans, if he would have had a copy of his transcript while he was preparing his motion for post-conviction relief, he “would have been able to demonstrate ... that the [circuit court] never sentenced him as a habitual offender and that his trial counsel was ineffective.”
¶ 17. When a defendant pleads guilty, he bypasses the right to a direct appeal, and he forfeits the right to a free transcript. Fleming v. State, 553 So.2d 505, 507 (Miss.1989). To obtain a free copy of a guilty-plea transcript, a movant has the burden of proving that he has been prejudiced on appeal by not having prior access to such transcript. Walton v. State, 752 So.2d 452, 456 (¶ 10) (Miss.Ct.App.1999). “This prejudice can be proven by showing specific need or proving that the transcript was necessary to decide a specific issue.” Id. When Evans requested a copy of his transcript and *927 his other records, he did not list any reasons for his request. Because Evans did not demonstrate a specific need for his request or that the transcript was necessary to decide a specific issue, “the State [was] not required to furnish a free copy of the transcript from the guilty-plea hearing.” Id. Thus, we find no merit to this issue.
IV. FAILURE TO READ TRANSCRIPT BEFORE DISMISSAL
¶ 18. In his final issue, Evans claims the circuit court erred when it dismissed his motion for post-conviction relief because the circuit court did so without reviewing the transcript of his guilty plea. Evans notes that, according to Mississippi Code Annotated section 99-39-ll(l)(Supp.2010), “transcripts ... shall be examined promptly by the judge to whom [a motion for post-conviction relief] is assigned.”
¶ 19. Although the circuit court’s order stated that Evans’s motion for post-conviction relief was “denied,” the same order also indicated that the circuit court resolved Evans’s motion under Mississippi Code Annotated section 99-39-ll(2)(Supp.2010), which states that “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified.” Accordingly, the circuit court was not required to review the transcript of Evans’s guilty plea before it resolved Evans’s motion under section 99-39-11(2). It follows that we find no merit to this issue.
¶ 20. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE AND MAXWELL, JJ., CONCUR. BARNES AND CARLTON, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.