ROBERTS, J.,
for the Court:
¶ 1. L.D. Foxworth was convicted of child molestation and sentenced to fifteen years in the Mississippi Department of Corrections (MDOC). He appealed, but we upheld his conviction in Foxworth v. State, 982 So.2d 453, 454-55 (¶ 1) (Miss.Ct.App.2007). He subsequently filed a motion for post-conviction relief (PCR) after first obtaining the Mississippi Supreme *360 Court’s permission. However, after conducting an evidentiary hearing, the Marion County Circuit Court dismissed Fox-worth’s PCR motion. Aggrieved, Fox-worth appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Foxworth was convicted of child molestation based on evidence that he touched a twelve-year-old girl’s breast and her “private part.” Id. at 455 (¶4). On September 8, 2006, the circuit court sentenced Foxworth to fifteen years in the custody of the MDOC. On November 9, 2010, the supreme court granted Fox-worth’s motion for leave to file a PCR motion.
¶ 3. Foxworth filed his PCR motion approximately one month later. Foxworth claimed that he had new evidence that the victim, Tonya, had recanted her testimony.[1] Foxworth attached Clem Knox’s affidavit to his PCR motion. According to Knox’s affidavit, Tonya had told him and other people that she felt guilty because, contrary to her testimony at Foxworth’s trial, Foxworth had not touched her inappropriately.
¶ 4. The circuit court entered an order directing the State to file an answer to Foxworth’s PCR motion. As of January 26, 2011, the State had not filed an answer. Consequently, Foxworth filed a motion for summary judgment. Two days later, the State filed a motion for additional time to file an answer. The State claimed that it filed its motion for additional time on the same day that it had first received a copy of the circuit court’s order directing the State to file a response. The circuit court granted the State’s motion for additional time.
¶ 5. In its answer, the State noted that Tonya was not the only witness who had testified that Foxworth touched Tonya inappropriately. One of Tonya’s adult male relatives corroborated Tonya’s testimony. Specifically, Tonya’s adult male relative testified that he had seen Foxworth with his hand down Tonya’s shirt. The State also noted that Foxworth had not produced an affidavit from Tonya. Instead, Foxworth had indicated that he would “potentially” call Tonya to testify. Accordingly, the State requested that the circuit court deny Foxworth’s PCR motion.
¶ 6. On March 2, 2011, the circuit court conducted an evidentiary hearing on Fox-worth’s PCR motion. Foxworth was transported to the Marion County courthouse so that he could attend the hearing. Foxworth first called Knox to testify. Knox testified that he heard Tonya tell his daughter that Foxworth had not touched her inappropriately. On cross-examination, Knox was asked whether he had told Tonya that someone would pay to get one of her relatives released from prison if Tonya would recant her testimony against Foxworth. Knox denied that allegation. Knox’s daughter, Allyssa, also testified that Tonya had recanted her trial testimony. Knox’s other daughter, Keyonna, corroborated Allyssa’s testimony. Foxworth rested after Keyonna testified.
¶ 7. On March 4, 2011, the circuit court entered an order dismissing Foxworth’s PCR motion. The circuit court cited Rushing v. State, 873 So.2d 116, 119-20 (¶ 6) (Miss.Ct.App.2003), and noted that this Court had affirmed a denial of a PCR motion where a PCR petitioner chose not to call a victim at the evidentiary hearing to recant her trial testimony. Because Foxworth had not called Tonya to recant her testimony, the circuit court dismissed Foxworth’s PCR motion. Foxworth appeals.
*361 STANDARD OF REVIEW
¶ 8. In reviewing a circuit court’s decision to dismiss a motion for post-conviction relief, we will not disturb the circuit court’s factual findings unless they are clearly erroneous. Evans v. State, 61 So.3d 922, 924 (¶ 7) (Miss.Ct.App.2011). “However, we review questions of law de novo.” Id.
ANALYSIS
I. ADDITIONAL TIME TO ANSWER
¶ 9. Foxworth claims the circuit court erred when it gave the State additional time to file an answer. To support his claim, Foxworth cites American States Ins. Co. v. Rogillio, 10 So.3d 463, 472 (¶ 24) (Miss.2009), for the principle that “the duty to answer must be taken seriously.” However, Foxworth does not address the fact that the. State claimed that it had not received notice of the circuit court’s order directing it to file an answer until the date it moved for additional time. Likewise, Foxworth does not offer any proof that the State actually had received notice of the circuit court’s order prior to the date that the State moved for additional time. Moreover, Foxworth cites no authority for his position that the circuit court committed reversible error when it granted the State’s motion for additional time. Foxworth is obligated to support his contention with authority. See M.R.A.P. 28(a)(6). Under the circumstances, we do not find that the circuit court erred when it granted the State’s motion for additional time to respond to Foxworth’s PCR motion. There is no merit to this issue.
II. SUMMARY JUDGMENT
¶ 10. Foxworth claims the circuit court erred when it did not grant his motion for summary judgment after the State had not obeyed the circuit court’s order to file an answer. Foxworth’s claim under this heading depends on our finding merit to his first issue. However, we have already found that claim is meritless. It follows that this issue is equally meritless.
III.DISMISSAL
¶ 11. Finally, Foxworth claims the circuit court erred when it dismissed his PCR motion. He reiterates the testimony of his witnesses during- the evidentiary hearing. He also claims the circuit court placed undue emphasis on the fact that Tonya had not personally recanted her testimony.
¶ 12. The circuit court correctly stated that it had “the right and duty ... to deny a new trial where it is not satisfied that such recantation testimony is true.” Rushing, 873 So.2d at 119-20 (¶6). Although Foxworth called three witnesses who testified at the PCR evidentiary hearing that they heard Tonya recant her trial testimony, there was no direct evidence from Tonya that she had done so. Furthermore, there was no evidence that Tonya’s adult male' relative had recanted his testimony corroborating Tonya’s testimony. We do not find that the circuit court abused its discretion when it declined to find that Foxworth had met his burden of proof. It follows that we find no merit to this issue.
¶ 13. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. CARLTON, J„ NOT PARTICIPATING.

. We use a fictitious name to protect the victim’s identity.