# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01181-COA

ANTONIO DANIEL WALLACE A/K/A
ANTONIO WALLACE A/K/A ANTONIO D.
WALLACE

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/06/2013 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, ARMED ROBBERY, AND SENTENCED TO THIRTY-FOUR YEARS; COUNT II, KIDNAPPING, AND SENTENCED TO THIRTY-FOUR YEARS; AND COUNT III, CONSPIRACY TO COMMIT ARMED ROBBERY, AND SENTENCED TO FIVE YEARS, WITH ALL SENTENCES TO RUN CONCURRENTLY AND TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 10/14/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

BEFORE LEE, C.J., ISHEE AND JAMES, JJ.

LEE, C.J., FOR THE COURT:

PROCEDURAL HISTORY

¶1.    A jury in the Madison County Circuit Court convicted Antonio Daniel Wallace of Count I, armed robbery; Count II, kidnapping; and Count III, conspiracy to commit armed robbery. Wallace was sentenced to thirty-four years on Count I, thirty-four years on Count II, and five years on Count III, with all sentences to run concurrently and be served in the custody of the Mississippi Department of Corrections.

¶2.    Wallace's post-trial motions were denied. He now appeals, asserting the following issues: (1) insufficient evidence; (2) the verdict is against the overwhelming weight of the evidence; and (3) the trial court erred in admitting his prior conviction into evidence.

FACTS

¶3.    On November 28, 2011, Kimberly Lewis, assistant manager at Sand Dollar Lifestyles in Ridgeland, Mississippi, was leaving the store to deposit money at the bank when she was approached by an armed male, later identified as Demarcus Timmons. Timmons got into Lewis's car and told her to drive into the back parking lot of the Embassy Suites Hotel, also in Ridgeland. Timmons took five dollars from Lewis's wallet, her driver's license, her cell phone, and her car keys. Timmons also took the store deposits, totaling approximately eight thousand dollars. Timmons then fled the scene.

¶4.    Kenisha Rush also worked at the store as an assistant manager. There was testimony at trial that Rush's boyfriend, Antonio Wallace, concocted a plan for Timmons, his cousin, to rob Lewis in the parking lot of the store. Wallace thought he would be recognized if he robbed Lewis since he knew many of Rush's coworkers. Wallace's brother, Reginald Wallace, would drive the getaway car.

¶5.    When Lewis notified Rush that she was going to the bank to make a deposit, Rush

sent a text message at 1:09 p.m. to Wallace saying, "She about to leave." Wallace then contacted Reginald, who was in the car with Timmons and Kimberly Gates in the parking lot near Lewis's car. Reginald and Gates followed Lewis's car into the hotel parking lot. Phone records show that Wallace and Reginald texted and called each other several times between 1:09 p.m. and 1:41 p.m. Reginald claimed Wallace was trying to deter him from robbing Lewis.

¶6. There was testimony that Wallace, Timmons, and Reginald split the approximately eight thousand dollars. Wallace's share was two thousand five hundred dollars. Wallace gave five hundred dollars to Rush.

¶7. Timmons and Reginald each testified that Wallace was not involved in the robbery and received no money.

DISCUSSION

I.    SUFFICIENCY OF THE EVIDENCE

¶8. In his first issue on appeal, Wallace contends the evidence was legally insufficient to support the guilty verdict. In reviewing the sufficiency of the evidence, "the critical inquiry is whether the evidence shows beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]" *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (citation and internal quotation marks omitted). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction. *Id*. Furthermore, it is well-settled law that the jury determines the credibility of the witnesses and resolves conflicts

3

in the evidence. *Davis v. State*, 866 So. 2d 1107, 1112 (¶17) (Miss. Ct. App. 2003).

¶9.     Wallace argues the evidence shows he was not a direct participant in the armed robbery or kidnapping because he was not present; thus, he was not an aider and abettor. Wallace says, at most, he was merely a knowing spectator. Although it is unclear if Wallace was physically at the scene of the crime, there was evidence that Wallace was involved in the planning and implementation of the robbery. Rush testified Wallace needed money to pay his attorney for representing him in a criminal matter. Wallace received a text from Rush that Lewis was exiting the store. Wallace then contacted Reginald, who was waiting in the parking lot with Timmons and Gates. A person is an aider and abettor if he is constructively present at the offense, but if not present, then he is an accessory before the fact. *See Walton v. State*, 752 So. 2d 452, 457 (¶16) (Miss. Ct. App. 1999). Either way, the person is considered a principal and may be convicted as such. *Id*. Although there was conflicting evidence concerning Wallace's participation, the jury believed the State's version of events – that Wallace was involved in the planning and operation of the crimes. This issue is without merit.

## II.     WEIGHT OF THE EVIDENCE

¶10.    In his next issue on appeal, Wallace contends the guilty verdict is against the overwhelming weight of the evidence. "When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Bush*, 895 So. 2d at 844 (¶18).

¶11.    Wallace's arguments are similar to those expressed in the previous issue. From the

4

evidence described in the previous issue, we cannot find that allowing the verdict to stand would sanction an unconscionable injustice. This issue is without merit.

### III. PRIOR CONVICTION

¶12. Wallace contends the trial court erred in allowing the State to produce evidence of his prior burglary conviction from 2007. At the close of the State's case, the trial court, after finding that the probative value of admitting Wallace's prior conviction outweighed its prejudicial effect under *Peterson v. State*, 518 So. 2d 632 (Miss. 1987), ruled that the State could use Wallace's prior burglary conviction as impeachment evidence, pursuant to Mississippi Rule of Evidence 609(a)(1)(B), should he choose to testify on his own behalf. Following the trial court's ruling, Wallace chose not to testify.

¶13. Wallace argues he was prevented from testifying because the threat of impeachment by the admission of his prior conviction had a "chilling effect" on his right to testify. However, Wallace failed to proffer his proposed testimony. The supreme court has stated that in these situations, "the defendant is procedurally barred from arguing on appeal that such a ruling prevented his putting on a defense or had a 'chilling effect' on his right to testify if he fails to proffer his proposed testimony." *McClellan v. State*, 34 So. 3d 548, 553 (¶18) (Miss. 2010) (citation omitted). "At the very least, a defendant wishing to present the point on appeal, absent having taken the witness stand himself, must preserve for the record substantial and detailed evidence of the testimony he would have given so that we may gauge its importance to his defense." *Heidelberg v. State*, 584 So. 2d 393, 395 (Miss. 1991). Because Wallace failed to proffer his testimony, he is procedurally barred from arguing that the trial court's ruling, which would have allowed the State to impeach him on cross-

5

examination with his prior burglary conviction, prevented his putting on a defense.

¶14.    **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, ARMED ROBBERY, AND SENTENCE OF THIRTY-FOUR YEARS; COUNT II, KIDNAPPING, AND SENTENCE OF THIRTY-FOUR YEARS; AND COUNT III, CONSPIRACY TO COMMIT ARMED ROBBERY, AND SENTENCE OF FIVE YEARS, WITH ALL SENTENCES TO RUN CONCURRENTLY AND TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**