## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2018-CP-00750-COA

### CONSOLIDATED WITH

### NO. 2009-CT-00524-COA

LARRY EVANS A/K/A LARRY DONNELL              APPELLANT
EVANS A/K/A LARRY D. EVANS

v.

STATE OF MISSISSIPPI                            APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/29/2018 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | LARRY EVANS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/26/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**J. WILSON, P.J., FOR THE COURT:**

¶1.     In 2007, Larry Evans was sentenced to consecutive prison terms of fifteen years for armed robbery and twenty years for manslaughter. *See generally Evans v. State*, 61 So. 3d 922 (Miss. Ct. App. 2011). In April 2017, Evans filed a petition for writ of mandamus in the Mississippi Supreme Court in which he alleged that the Hinds County Circuit Court had not ruled on a "Post Motion to Correct the Time Served in the Mississippi Department of Corrections" that he filed in September 2016. Evans attached a copy of the "Post Motion"

to his mandamus petition, but the copy was not stamped "filed." In response to Evans's mandamus petition, the circuit judge advised that the circuit court did not have a record of Evans's motion. Evans then provided a copy of a prison mail log showing that he mailed the motion in September 2016. Accordingly, a panel of the Supreme Court ordered the circuit court to file the motion and dismissed Evans's mandamus petition without prejudice. *In re: Larry Evans*, No. 2017-M-00520 (Miss. Aug. 30, 2017). The circuit court subsequently denied Evans's "Post Motion," and Evans filed a notice of appeal.

¶2. In his opening brief on appeal, which tracks the claim in his "Post Motion," Evans "objects to the Mississippi Department of Correction [(MDOC)] deepfreezing [his] 20-years sentence for manslaughter, until he serve the term of his 15-years sentence for armed robbery."[1] In short, Evans argues that he should have served his sentence for manslaughter, which is eligible for earned time, before his sentence for armed robbery, which is not eligible for earned time. *See* Miss. Code Ann. §§ 47-5-139(1)(e) (Rev. 2015) & 47-7-3(c)(ii) & (f) (Rev. 2015).

¶3. This Court entered an order directing MDOC to file a brief addressing this issue. MDOC states that the sentencing order in Evans's case is ambiguous as to which of Evans's two sentences should run first. MDOC further states that the order of Evans's sentences makes no difference because neither sentence is eligible for parole, *id.* § 47-7-3(c)(ii) & (f), and Evans can earn the same amount of earned time on his manslaughter sentence whether

---

[1] Evans's reply brief asserts a double jeopardy claim that is the subject of a separate motion for post-conviction relief that Evans filed in the circuit court. The circuit court does not appear to have ruled on that motion, and the issue is not before us in this appeal.

2

he serves it before or after his armed robbery sentence. Our order permitted Evans to file a response to MDOC's supplemental brief, but Evans did not do so.

¶4. We agree with MDOC's reasoning as it applies to Evans's sentences. Evans's sentencing order is ambiguous as to which sentence should be served first, and as MDOC states, the order of the sentences makes no difference in this case. Evans will be eligible for earned time on his manslaughter sentence, just as he would have if he had served it first. Accordingly, the circuit court correctly denied Evans's "Post Motion."

¶5. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**