218 So.2d 436 (1969)
Hugh PEEPLES
v.
STATE of Mississippi.
No. 45199.
Supreme Court of Mississippi.
January 20, 1969.
*437 Arrington & Arrington, Hazlehurst, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and Laurence Y. Mellen, Sp. Asst. Atty. Gen., Jackson, for appellee.
BRADY, Justice.
The facts pertinent to this appeal are: The appellant, Hugh Peeples, was indicted jointly with James Dale Sheffield, Marvin Skinner, Edwina Skinner, Alvin Bradley, and Dorothy Amoroso for the burglary of the Alford-Miller Company in Gallman, Mississippi, on September 24, 1965. Appellant was tried and convicted at the November 1966 Term of the Circuit Court of Copiah County, Mississippi, and was sentenced to seven years in the Mississippi State Penitentiary at Parchman, Mississippi. Appellant's conviction rested almost entirely upon the testimony given against him by James Sheffield, a codefendant. Sheffield also testified at the trial of Alvin Bradley, who likewise was convicted. Subsequently Marvin Skinner, Edwina Skinner, and Dorothy Amoroso pled guilty to the crime charged. The proof shows that Sheffield testified three times under oath implicating his codefendants in the crime and that he related the identical narrative on several other occasions while not under oath. Sheffield also pled guilty and was sentenced to four years at Parchman.
After having been imprisoned in Parchman for over a year and having testified in November 1966 and February 1967, on June 16, 1967, Sheffield had a fellow inmate, whose name he refused to reveal, secretly write and make several copies of a letter in which he repudiated his former testimony and stated that the state prosecutor and the sheriff of Copiah County had informed him that he would be tried for perjury or escape if he did not testify for the State. One copy of this letter was surreptitiously delivered to the appellant and another to Alvin Bradley. On December 14, 1967, Sheffield testified in the *438 habeas corpus proceeding of Alvin Bradley and recanted his earlier testimony. Bradley's motion for habeas corpus was denied in the lower court and this cause is now on appeal to the Mississippi Supreme Court.
Subsequent to Bradley's habeas corpus proceeding and prior to the motion by appellant to vacate the judgment and sentence on the ground of newly discovered evidence, Sheffield was paroled and allowed to return to the State of Florida. After experiencing much difficulty in attempting to contact Sheffield, appellant's attorney received two calls from Sheffield on December 11, 1967. During the second call Sheffield stated that his parole officer would not let him leave Florida unless he received a subpoena. Sheffield agreed to call back the next day, the 12th, but he did not do so. After attempts to contact Sheffield proved fruitless, Sheffield's parole officer finally agreed to hunt for him. At precisely five minutes to seven on the day of the trial, December 14, 1967, Sheffield called from Florida to say that he had just gotten the papers giving him permission to come and testify, but, of course, it was impossible for the witness to get to Mississippi by nine o'clock. No subpoena was ever issued for Sheffield, nor did the appellant's attorney ever send him any money to come for the trial as Sheffield had requested.
Appellant's attorney proffered the testimony given by Sheffield at the habeas corpus proceeding of Alvin Bradley which also included the testimony given in the original trials of appellant and of Bradley. This evidence was rejected by the trial judge, but was placed in the record along with the opinion of the court in the Bradley habeas corpus proceeding. The State then made a motion to dismiss, which was sustained, and from that ruling this case was appealed.
The appellant assigns as error that the court below erred (1) in sustaining the objection to the sworn testimony taken at a former hearing, (2) in failing to grant the appellant a new trial on his petition of writ of habeas corpus in the nature of a petition for a Writ of Error Coram Nobis, (3) in failing to grant the appellant a new trial on the basis of newly discovered evidence.
Two questions are pertinent to this appeal: (1) Did the trial court improperly exclude the testimony which had been given at the prior hearing? (2) Did the recantation of the witness entitle the appellant to a new trial? We are compelled to answer both of these questions in the negative.
Generally testimony given in a former trial or proceeding is considered hearsay and is only admissible in evidence upon the laying of proper foundation. The requisites of admissibility include identity of parties, identity of issues, and the unavailability of the witness. The Mississippi Supreme Court as early as 1887 in Gastrell v. Phillips, 64 Miss. 473, 1 So. 729 (1887), established the rule that evidence of what an absent witness testified to at a former trial is inadmissible in a civil case even though the witness is absent from the state when the whereabouts of the absent witness is known and his deposition can be taken. The appellant's attorney could have requested that the witness in the case at bar be subpoenaed to testify according to the provisions of Section 1895 of the Mississippi Code of 1942 Annotated (1956). The learned trial judge did not commit error in determining that the proof failed to establish the unavailability of the witness and in excluding the testimony given in the former proceeding.
As to the second question, the fact that a witness changes his testimony after the trial is not alone an adequate ground for granting a new trial or a writ of error coram nobis. Dolan v. State, 195 Miss. 154, 13 So.2d 925 (1943) [The witnesses *439 subsequently retracted their statements]; Powers v. State, 168 Miss. 541, 151 So. 730 (1933); Carraway v. State, 167 Miss. 390, 148 So. 340 (1933). A writ of error coram nobis will only issue in cases such as the one at bar when the prosecuting officials knowingly use perjured testimony to obtain a conviction. Dolan v. State, supra. A trial court has wide discretion in granting new trials and may consider all the relevant facts in reaching its decision. King v. State, 254 Miss. 917, 183 So.2d 494 (1966) and Blade v. State, 240 Miss. 183, 126 So.2d 278 (1961). A court will usually deny a new trial based on recanting testimony where it is not fully satisfied regarding the truthfulness of the testimony. The determination should be left to the sound discretion of the trial court and should not be set aside unless clearly erroneous. Recanting testimony has been shown to be extremely unreliable and should be approached with suspicion. A meticulous study of the record and briefs convinces us that the trial judge was amply justified in refusing to accept the veracity of the altered testimony.
In conclusion, Baron Munchausen's jowls would incarnadine with envy at the expertise of witness Sheffield. It was properly noted by the sagacious trial judge that this witness could not have repeated exactly seven times, three of which were under oath, his account of the burglary, "if he were not telling the truth." We agree because the truth when told can be repeated verbatim tomorrow, next month, next year or many years hence, but when a lie is told all the bookkeepers in the world cannot keep a falsifier accurate.
The trial judge did not abuse his discretion in overruling appellant's motion.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES, and INZER, JJ., concur.