WALKER, Justice, for the Court:
The defendant was indicted by the Circuit Court of the First Judicial District of Hinds County, Mississippi, for the crime of murder. He was tried and convicted of manslaughter and sentenced to serve twenty years in the custody of the Mississippi Department of Corrections.
The homicide occurred at an establishment in Jackson, that is both a cafe and a pool hall. It is also a place where homosexuals congregate and put on shows. On the night in question, they had a “snake dance” as part of the entertainment. This consisted, in part, of using live snakes, taking them into the crowd and scaring people with them.
The deceased was a male homosexual dressed as a woman. He was a big man, six feet tall and weighed around 250 pounds. The deceased and the defendant had met approximately two months prior to the killing and saw each other frequently during that period until the defendant decided to “break up with him.”
After midnight on the night in question, the defendant was in the cafe sitting at a table with another person. The deceased and another homosexual began arguing about “whose man the defendant was going to be.” The deceased walked over to the defendant’s table and a dispute arose resulting in this unnecessary death.
The evidence is in conflict as to just how the altercation started, but the jury was justified in believing that the defendant threatened to kill the deceased and that the deceased picked up a wooden drink box and hit the defendant over the head with it. A fight ensued during which the defendant stabbed the deceased some ten times until he collapsed to the floor and died.
The jury was amply instructed on the law as to self-defense but chose to reject it. The jury also rejected the state’s theory of murder but found the defendant guilty of manslaughter.
The appellant first assigns as error the verdict is against the overwhelming weight of the evidence. After carefully considering this assignment, we are of the opinion that the evidence presented a classic issue for the jury to decide, which they did contrary to the appellant’s contention.
*826 The appellant next contends that the transcript of the testimony of a witness by the name of Ronald Bell, which was taken in a preliminary hearing, should have been admitted into evidence on the theory that he could not be found and was not available to testify.
The appellant correctly points out that evidence obtained at a preliminary hearing may be introduced into evidence upon the laying of a proper foundation. Peeples v. State, 218 So.2d 436 (Miss.1969). In that case, where the Court held that the witness had not been shown to be unavailable, the Court said:
“Generally testimony given in a former trial or proceeding is considered hearsay and is only admissible in evidence upon the laying of a proper foundation. The requisites of admissibility include identity of parties, identity of issues, and the unavailability of the witness.” (218 So.2d at 438).
However, it is not necessary for us to determine whether a proper foundation was laid so as to permit introduction of the transcribed testimony, because when the case was called for trial, the defendant announced ready for trial, as did the state. By announcing ready for trial, the defendant, in effect, announced to the court that all of his witnesses were available to him and that there was no cause for delay. He did not make known to the court that the witness, Ronald Bell, had not been served and was not present to testify until the state rested its case. This was too late. He cannot now successfully contend that the witness was unavailable to testify and thereby have a transcript of his former testimony introduced into evidence in lieu of the witness’ personal appearance. Therefore, the trial court was correct in sustaining the state’s objection to the introduction of the transcript of Ronald Bell’s testimony taken at the preliminary hearing.
For the above reasons, the judgment and sentence of the lower court are therefore affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.