## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-KA-00960-SCT

*EDDIE WALLS, JR. a/k/a EDDIE WALLS, JR., III*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/14/94 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RICHARD EARL SMITH, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  BILLY L. GORE |
| DISTRICT ATTORNEY: | GILMORE G. MARTIN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 3/18/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/14/99 |

### BEFORE PRATHER, C.J., SMITH AND MILLS, JJ.

### MILLS, JUSTICE, FOR THE COURT:

¶1. Frank Neal purchased forty dollars worth of cocaine from appellant Eddie Walls, Jr. in a controlled drug buy and subsequently testified regarding the transaction at Walls's trial on the charge of sale of a controlled substance. Although Walls presented an alibi defense, Neal and three officers identified Walls as the man who sold the cocaine in the controlled drug buy. Walls was convicted and sentenced to serve thirty (30) years in the custody of the Mississippi Department of Corrections with ten (10) years suspended for five (5) years supervised probation. Neal subsequently recanted his testimony and during an evidentiary hearing claimed that it was not Walls from whom he had bought the cocaine. He also testified that he had been receiving threats since Walls's conviction. The trial court denied Walls's motion for judgment notwithstanding the verdict and for a new trial. Walls appeals and claims that the recantation of testimony entitles him to a new trial or a judgment notwithstanding the verdict.

¶2. In *Peeples v. State*, 218 So. 2d 436, 439 (Miss. 1969), this Court addressed the issue raised in the present case, stating:

> A court will usually deny a new trial based on recanting testimony where it is not fully satisfied regarding the truthfulness of the testimony. The determination should be left to the sound discretion of the trial court and should not be set aside unless clearly erroneous. Recanting testimony has been shown to be extremely unreliable and should be approached with suspicion.

¶3. In order to justify a new trial, Walls carried the burden of proving two elements to the satisfaction of the trial judge at the evidentiary hearing: (1) he must have sufficiently proven the perjury existed by showing that the recantation was material, and (2) he must have proven the result of a new trial would be different than the one reached. *Williams v. State*, 669 So. 2d 44, 54 (Miss. 1996) (*citing Moore v. State*, 508 So. 2d 666, 668-69 (Miss. 1987)).

¶4. After applying this law to the facts at both the trial and the hearing which included the identification of Walls as the seller by three witnesses other than Neal and proof of threats to Neal if he did not recant, the trial court found for the State and denied Walls's motion. We agree with the holding in the trial court. The lower court's judgment is, therefore, affirmed.

¶5. **CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TEN (10) YEARS SUSPENDED FOR A PERIOD OF FIVE (5) YEARS WITH SUPERVISED PROBATION, THE BALANCE OF TWENTY (20) YEARS TO SERVE, AND A PAYMENT OF A FINE OF $1,000.00, WHICH IS SUSPENDED, PAYMENT OF $96.00 COURT COSTS, $117.00 STATE ASSESSMENTS AND $425.00 CRIME LAB FEES, AFFIRMED. FINES AND COSTS TO BE PAID UPON RELEASE AS SET BY HIS PROBATION OFFICER.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH AND WALLER, JJ., CONCUR.**