862 So.2d 576 (2004)
Timothy R. SHARP, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00310-COA.
Court of Appeals of Mississippi.
January 6, 2004.
*577 Kelly Lee Mims, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before McMILLIN, C.J., BRIDGES, and THOMAS, JJ.
McMILLIN, C.J., for the Court.
¶ 1. Timothy Sharp was convicted on both counts of an indictment charging him with sexual crimes against his female relative, who was ten years old at the time of trial. Sharp, through counsel, has appealed that conviction and raises three issues. Additionally, Sharp has filed a supplemental pro se brief in which he makes an extended number of allegations regarding the ineffectiveness of his appointed defense counsel at trial as well as certain other complaints regarding the conduct of the trial that were not raised by his attorney. We find none of the issues properly raised before this Court in either brief to have merit and affirm Sharp's convictions.

I.

Facts
¶ 2. After receiving an anonymous tip that A.S., Sharp's ten-year-old relative, had been the victim of sexual abuse, a Department of Human Services social worker interviewed the child as part of the investigatory process. During that interview, *578 the child reported one incident where she contended Sharp had penetrated her vagina with his penis. She further reported an incident in which she had awoken to discover that Sharp was rubbing his penis against her buttocks area. The child was subsequently examined by Dr. Linda Chidester, who testified that her examination revealed a torn hymen and physical abnormalities in the child's anal region that were consistent with sexual activities inappropriate for a child of that age.
¶ 3. Sharp was indicted for one count of sexual battery and one count of fondling. At trial, the social worker was permitted to testify as to the child's extra-judicial statements made about the abuse, Dr. Chidester testified concerning her professional examination of the child, and the child testified before the jury.
¶ 4. The jury convicted Sharp on both counts and this appeal ensued. We will discuss the issues in the same order presented in Sharp's brief and supplemental brief and will expand on the facts of the case when appropriate for a full understanding of our discussion.

II.

The Quality of the State's Proof of Guilt
¶ 5. Sharp raises two distinct challenges to the evidence in a single issue. First, he contends that the evidence was insufficient as a matter of law to support a guilty verdict and that, for that reason, his conviction should be reversed and rendered. Alternatively, he argues that the guilty verdicts were so against the weight of the credible evidence that a manifest injustice will occur if the present convictions are not set aside and the case remanded to the circuit court for a new trial.
¶ 6. The basis of Sharp's contentions regarding his perception of the inadequacy of the State's proof of guilt consists entirely of suggestions that there were discrepancies between the versions of events related by the child victim to the social worker and others, and the child's in-court testimony. There can be no doubt that the child testified at trial to the occurrence of two episodes of sexual contact with Sharp: one of which contained all of the necessary elements of the crime of sexual battery and the other of which contained all the necessary elements of a charge of fondling or gratification of lust. We need not recite those separate elements here nor delve further into the child's testimony to demonstrate the point since Sharp's challenge to the State's proof does not involve such analysis. Rather, he makes the broad contention that, because the child's prior statements were inconsistent with her in-court testimony, the version of events related at trial was so lacking in probative value as to be unworthy of belief.
¶ 7. The jury sits as finders-of-fact and, under our system of criminal justice, is assigned the often difficult task of listening to the evidence and making assessments regarding the credibility of witnesses and what weight and worth any particular part of the evidence should play in determining the proper outcome of the proceeding. Hicks v. State, 812 So.2d 179(¶ 40) (Miss.2002). There are a number of ways by which the credibility of a witness may be tested before the jury. One of the long-recognized means of doing so is by presenting evidence that, at another time and place, the witness has related a different version of events. M.R.E. 613, e.g., Everett v. State, 835 So.2d 118(¶ 7) (Miss.Ct.App.2003). Impeaching the credibility of a witness in this manner does not necessarily destroy any probative value of the witness's in-court testimony, however. It is merely an appropriate factor for the jury to consider in arriving at its view of *579 the truthfulness of the evidence that witness gives at trial. In this instance, Dr. Chidester testified, based on her professional experience, that it was not uncommon for a child sexual abuse victim to give different versions of events when talking to different people because, among other considerations, a child in that situation is often inclined to conceal or even deny matters if the child is made uncomfortable or fearful of the person making inquiry. The jury, having heard of the child's prior statements, nevertheless listened to her testimony in open court and collectively came to the conclusion that the child had truthfully related the events of the two encounters with Sharp that led to the charges in the indictment. We do not think that any discrepancies in the child's prior statements were so damaging to the child's credibility as to compel the conclusion the jury abused its discretion in so finding.
¶ 8. In this appeal, our obligation is to view the entire evidence in the light most favorable to upholding the jury's verdict. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). Having found that the State presented competent evidence relating to the essential elements of both crimes, we are not persuaded that the trial court erred in failing to enter a directed verdict or JNOV in favor of the defendant. Neither can we say that the evidence tending to establish Sharp's innocenceconsisting principally of the previously-discussed attack on the victim's credibility and Sharp's own denial of such conductwas so persuasive that to permit the jury verdict to stand would work a manifest miscarriage of justice. Moran v. State, 822 So.2d 1074(¶ 3) (Miss.Ct.App.2002). For these reasons, we find Sharp's first issue to be without merit.

III.

Ineffective Assistance of Counsel
¶ 9. Sharp's appeal was prosecuted by an attorney other than the one who represented him at trial. This second attorney contends that Sharp received ineffective assistance of counsel at trial. He raises the issue in this direct appeal, though not dealt with at the trial level, as is permitted in certain circumstances recognized in such cases as Swington v. State, 742 So.2d 1106 (Miss.1999), and Pittman v. State, 836 So.2d 779 (Miss.Ct.App.2002).
¶ 10. As evidence of the failure of trial counsel to perform up to minimally acceptable levels, Sharp in his brief contends that counsel (a) failed to call another physician as a defense witness who had examined the child and who had reported that the child had denied to her that Sharp had made a sexual penetration of her vagina, and (b) failed to call the child's mother for the purpose of showing certain additional inconsistent statements allegedly made by the child.
¶ 11. Allegations of ineffective assistance of counsel may properly be raised on direct appeal only in those circumstances where the substandard performance of counsel can be shown from the existing record. Id. at (¶ 39). In those instances where a full inquiry into the allegations of ineffective assistance of counsel requires further inquiry into matters not appearing in the record, it is not possible to adequately resolve such contentions in a direct appeal because, among other considerations, the appellate court is not properly situated to undertake the necessary fact-finding. See Edwards v. State, 797 So.2d 1049(¶ 30) (Miss.Ct.App.2001). In those situations, therefore, where the issue is raised on appeal but the matter cannot be resolved without additional fact-finding, the proper course for the appellate *580 court is to deny relief without prejudice to the defendant to raise the same issues anew in a post-conviction relief proceeding where, if appropriate, the trial court can conduct a full evidentiary hearing. Miss. Code Ann. § 99-39-19 (Rev.2000); Read v. State, 430 So.2d 832, 837 (Miss.1983).
¶ 12. In this case, there is nothing before us in the present record that would permit any meaningful analysis of what these uncalled witnesses might have testified to, nor whether there might have been compelling reasons not to call them even if they were prepared to offer the testimony that Sharp contends they would have in his brief. The decision to call or not to call a particular witness is often a matter of trial strategy that involves assessment of matters that can range substantially beyond that potential witness's ability to relate a certain fact from the stand. Cole v. State, 666 So.2d 767, 777 (Miss.1995). Such inquiry and analysis would necessarily require a full evidentiary inquiry that could only be accomplished through the vehicle of a post-conviction relief motion.
¶ 13. For that reason, we decline to consider the issues of ineffective assistance of counsel sought to be raised in this direct appeal, but do so without prejudice as to Sharp's right to raise those same issues in a subsequent post-conviction relief proceeding.

IV.

Inadmissible Hearsay
¶ 14. Sharp contends that the trial court erred in admitting evidence of the victim's extra-judicial statements regarding the alleged crimes. The court, in response to the defense's motion in limine, conducted a hearing before trial began and determined that the child's statements met the criteria for admissibility contained Rule 803(25) of the Mississippi Rules of Evidence. The trial court made its ruling that the statements made to the DHS social worker by the child victim were admissible only after hearing the social worker recite in some detail the circumstances under which the statements were made. These circumstances included the following considerations: (a) the social worker had never met the child before she went to the home in response to an anonymous tip; (b) the child was taken outside the home to be alone with the social worker and related the events only after twice having the social worker ensure that the door was shut; (c) the child related the events without a great deal of prompting or prodding and told what happened in some detail in her own words; (d) the child was ten years old at the time.
¶ 15. Sharp's only argument against admissibility centers on the fact that the child gave conflicting statements at other times and she was a child of tender years, being only ten years old. He also argues that the court erred in not making point-by-point findings on the "substantial indicia of reliability" factors set out in Idaho v. Wright, 497 U.S. 805, 821-22, 110 S.Ct. 3139, 3150, 111 L.Ed.2d 638 (1990). It is our view that the trial court had more than sufficient evidence before it, none of which was contradicted or even impeached during the hearing on the motion in limine, to conclude that this child's statements were given under circumstances where they had sufficient indicia of reliability to overcome a hearsay objection and be admitted under Mississippi Rule of Evidence 803(25).

V.

Pro Se Supplemental Brief
¶ 16. Sharp has filed a supplemental brief in which he raises a number of additional *581 issues relating to perceived errors in the conduct of his trial. A large part of his brief consists of numerous complaints regarding the performance of his trial attorney. These complaints are classed generally under an assertion of ineffective assistance of counsel. For reasons we have already discussed, we conclude that any effort to determine the legitimacy of Sharp's various complaints would necessarily involve an evidentiary hearing to determine both the factual accuracy of Sharp's contentions and the impact of the alleged failings on the fundamental fairness of the trial. In that situation, we treat these additional claims in the same manner that we did those raised in Sharp's original brief. We deny any relief in this direct appeal but without prejudice to Sharp's right to raise the same issues in a post-conviction relief proceeding. Read, 430 So.2d at 837.
¶ 17. In addition to his complaints regarding his attorney's performance, Sharp raises a number of other issues that we will address.

A.

Prosecutorial Misconduct
¶ 18. Sharp contends that the prosecution knowingly presented perjured testimony but offers no evidence to support that assertion. Instead, he focuses on the discrepancies appearing in the various versions of events related by the victim at different times. There is no merit to that assertion.
¶ 19. Additionally, Sharp cites U.S. v. Morris, 568 F.2d 396 (5th Cir.1978) as authority for the proposition that a prosecutor may not offer his own opinion as to the believability of any particular witness and claims that the State violated this stricture in closing argument. Sharp points to the following statement by the prosecuting attorney: "It's not reasonable to believe what he said. He told you he was presumed innocent, but ladies and gentlemen, he is not presumed truthful. That's for you to decide." It is plain that, though Sharp may have correctly stated the applicable principle of law, there is no factual foundation to conclude that the principle was violated. The foregoing comments are incapable of being interpreted to suggest that the prosecutor was improperly advancing his own view of the defendant's veracity.

B.

Evidentiary Rulings
¶ 20. Finally, Sharp complains of a number of problems regarding the improper admission of incriminating evidence. However, in each instance, there was no contemporaneous objection and, for purposes of direct appeal, the failure to timely object procedurally bars consideration of Sharp's contentions. Jackson v. State, 766 So.2d 795(¶ 40) (Miss.Ct.App. 2000) (quoting Hall v. State, 691 So.2d 415, 418 (Miss.1997)). Sharp appears to have conceded as much in his brief since he discusses the issues in terms of additional instances where his attorney failed him for not offering an objection. Once again, we conclude that such complaints, if they are to be assessed to determine their merit, can only be properly explored in a post-conviction relief proceeding. As with other similar matters, we deny any relief on these various contentions in this direct appeal without prejudice as to Sharp's right to raise them in a post-conviction relief proceeding.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY OF CONVICTION OF COUNT I, SEXUAL BATTERY, AND SENTENCE OF THIRTY YEARS *582 WITH TEN YEARS SUSPENDED, AND COUNT II, FONDLING, AND SENTENCE OF FIVE YEARS TO RUN CONCURRENTLY TO THE SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.