BRIDGES, P.J.,
for the Court.
¶ 1. Rodney Gadis Porter was convicted in the Circuit Court of Harrison County, First Judicial District, of one count of murder and of one count of taking possession of or taking away a motor vehicle and sentenced to serve concurrent terms of life and five years, respectively, in the custody of the Mississippi Department of Corrections. Aggrieved by the judgment, Porter now appeals to this Court raising three issues.
STATEMENT OF THE ISSUES
I. Did the trial court commit reversible error in denying Porter’s jury instructions on self-defense?
II. Did Porter’s counsel render constitutionally ineffective assistance, thus warranting a new trial?
III. Does the cumulative effect of the errors made throughout trial constitute reversible error?
FACTS
¶ 2. On December 29, 2000, Rodney Gad-is Porter, being under the legal age to purchase alcohol, contacted David Fleming, an acquaintance who had previously assisted in such a situation, informing Fleming of his desire to get some beer. Fleming agreed and subsequently left his house to pick up Porter and purchase the beer. Afterwards, both returned to Fleming’s residence and proceeded to drink. At some point, Fleming offered Porter a couple of unidentified pills, which Porter accepted and then ingested. Shortly thereafter, Porter began feeling light headed and dizzy, so he went to Fleming’s bedroom to lie down. A few minutes later, Fleming entered the bedroom, removed Porter’s clothes, and sodomized him. Porter then passed out.
¶ 3. Porter awakened the following morning to find himself lying on the bed naked. After briefly searching the house, he surmised that he was alone, so he readied himself to leave. In his preparation, he retrieved the automatic pistol that he had brought with him to Fleming’s house but had hidden in the bathroom upon arrival. Porter then made his way to the front door when he realized that he was unable to leave because every door and window in the house was secured by burglar bars, so he waited for Fleming to return.
¶ 4. When Fleming entered the house and closed the front door, Porter fired the gun, which struck Fleming in the face killing him. Porter subsequently dragged Fleming’s body to another room, wrapped it in a sheet, and then attempted to clean up. Afterwards, he fled in Fleming’s car.
¶ 5. The body was not discovered for approximately three weeks when local authorities went to the house to investigate a complaint by neighbors of a malnourished dog in Fleming’s yard. Once under the scrutiny of the ensuing murder investigation, Porter agreed to give a recorded statement, which implicated him in Fleming’s murder and the taking of Fleming’s car.
ANALYSIS
I.
Jury Instruction on Self-Defense
¶ 6. Porter maintains that the trial court committed reversible error in denying his jury instructions on self-defense. The standard demanded of this Court when reviewing jury instructions requires that we read them as a whole with no single instruction taken out of context, and *95 although Porter is entitled to have the jury-instructed as to his theory of the case, his “entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.” Smith v. State, 802 So.2d 82, 88(¶20) (Miss.2001) (citations omitted) (emphasis added). After careful review, we are of the opinion that the trial court’s ruling was proper, for the evidence on record is insufficient to support Porter’s requested self-defense instruction.
¶7. Porter’s self-defense theory, and thus the subsequent request for a self-defense instruction, is centered around his testimony in which he stated, “Truly, you know, I don’t know if you call it self-defense, but to me, the f- deserved it.” This statement by Porter is highly questionable as to whether it actually even placed the theory of self-defense before the court. Moreover, the mere statement by a defendant that his actions were the product of self-defense “is wholly incapable by itself of raising a factual question requiring its submission to the jury.” Strong v. State, 600 So.2d 199, 203 (Miss.1992) (citations omitted).
¶ 8. Assuming the self-defense theory was properly presented at trial, entitlement to a self-defense instruction demands bolstering by evidence “from which the jury may conclude that a defendant was justified in having committed the homicide because he was, or had reasonable grounds to believe that he was, in imminent danger of suffering death or great bodily harm at the hands of the person killed.” Id. Porter testified that while waiting on Fleming to return the following morning, thoughts of the preceding evening enraged him, and after Fleming entered the house, but before any verbal exchange between them, Porter shot Fleming. Porter claims his fear of harm resulted from the fact that Fleming stood in front of the door, as though to prevent any attempt by Porter to leave. Relying on this evidence alone, Porter failed to demonstrate sufficient provocation by Fleming at the time of the murder to justify a self-defense instruction. Accordingly, we find this issue without merit.
II.
Ineffective Assistance of Counsel
¶ 9. Porter claims that the deficiencies of his counsel at trial constitute ineffective representation, so he should be granted a new trial. He raises this issue for the first time on appeal, but having retained new counsel, he avoids any procedural bar. Porter asserts that the principal grounds, upon which his contention is founded, are the failures of his counsel (a) to make proper objections during the testimony of various State witnesses, (b) to stipulate as to Fleming’s sexual orientation, and (c) to call witnesses for the purpose of advising the jury of Porter’s history of mental illness.
¶ 10. Porter unquestionably possesses the legal right to now raise the issue of ineffective assistance of counsel. However, on direct appeal, Mississippi appellate courts are limited in their review to the record of the trial court, so addressing the merits of an ineffective assistance claim “requires that (1) the record affirmatively show ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.” Colenburg v. State, 735 So.2d 1099, 1101(¶ 5) (Miss.Ct.App.1999).
¶ 11. The limitation of appellate review is essentially attributable to the *96 fact that normally the evidence contained in the trial court record is insufficient to fully evaluate the claim. Pittman v. State, 836 So.2d 779, 787(¶38) (Miss.Ct.App.2002). So, when presented with situations:
where the issue is raised on appeal but the matter cannot be resolved without additional fact-finding, the proper course for the appellate court is to deny relief without prejudice to the defendant to raise the same issues anew in a post-conviction relief proceeding where, if appropriate, the trial court can conduct a full evidentiary hearing.
Sharp v. State, 862 So.2d 576, 579-80(¶ 11) (Miss.Ct.App.2004) (citing Miss.Code Ann. § 99-39-19 (Rev.2000); Read v. State, 430 So.2d 832, 837 (Miss.1983)).
 ¶ 12. Claims of ineffective assistance of counsel require the defendant to satisfy the two-prong test enumerated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which was adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). Under the test in Strickland, the defendant:
must [first] show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel.was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Strickland, 466 U.S. at 687, 104 S.Ct. 2052. The Strickland standard is applied under the strong but rebuttable presumption that counsel is competent and conduct at trial is reasonable, and appellate review of counsel’s performance requires considering the totality of the circumstances for determining whether counsel’s actions were both deficient and prejudicial. Leatherwood v. State, 473 So.2d 964, 969 (Miss.1985).
¶ 13. In considering Porter’s first contention that his counsel’s failure to make various objections at trial constituted ineffective assistance, we are unconvinced from our review of the record that his claim is sufficient to rebut the presumption from Leatherwood that his counsel was competent and conducted trial in a reasonable manner. Proper evaluation of Porter’s two other contentions, that his counsel failed to stipulate as to Fleming’s sexual orientation and to call witnesses for the purpose of advising the jury of Porter’s history of mental illness, requires an examination of evidence beyond the record before this Court, and for that reason, Porter’s entire ineffective assistance claim is better considered in post-conviction relief.
III.
Cumulative Error
¶ 14. In his final contention, Porter maintains that, in the event that the individual errors throughout his trial are deemed harmless, the cumulative effect of these errors deprived him of a fundamentally fair trial, which requires this Court to reverse his conviction. However, when we find no reversible error in any single part of the trial, we certainly cannot find reversible error as to the whole, so as a result, we find this issue to have no merit McFee v. State, 511 So.2d 130, 136 (Miss.1987).
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON *97 COUNTY, FIRST JUDICIAL DISTRICT, OF CONVICTION OF COUNT I MURDER AND SENTENCE OF LIFE; COUNT II TAKING POSSESSION OF A MOTOR VEHICLE AND SENTENCE OF FIVE YEARS TO RUN CONCURRENTLY TO SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER,'GRIFFIS AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.