# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-02020-COA

**TIMOTHY B. SHARP A/K/A TIMOTHY B. SHARPE A/K/A TIMOTHY SHARP A/K/A TIMOTHY R. SHARP**                                         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                 **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/23/2013 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER III |
| COURT FROM WHICH APPEALED: | ITAWAMBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY B. SHARP (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LADONNA C. HOLLAND |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 12/16/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., ROBERTS AND MAXWELL, JJ.

### MAXWELL, J., FOR THE COURT:

¶1.     Timothy Sharp was granted an evidentiary hearing on his successive post-conviction relief (PCR) motion because his sexual battery and fondling victim filed an affidavit recanting her trial testimony. But after reviewing the affidavits and hearing from the victim, the judge found the victim's affidavit and PCR hearing testimony were not credible. So the judge denied Sharp's request for a new trial. After review, we cannot say the judge's determination was clearly erroneous. We thus affirm.

### Procedural History

¶2.	In 2001, Sharp was convicted of one count of sexual battery and one count of fondling. Sharp was sentenced to thirty years for the sexual-battery conviction, with ten years suspended. He also received five years for the fondling conviction, to run concurrently with the twenty years he had to serve in Mississippi Department of Corrections (MDOC) custody. His convictions and sentences were affirmed by this court on direct appeal in 2004. *See Sharp v. State*, 862 So. 2d 576, 581-82 (¶21) (Miss. Ct. App. 2004). Sharp later filed a PCR motion, arguing he received ineffective assistance of counsel. The trial court dismissed his motion, and this court affirmed. *See Sharp v. State*, 979 So. 2d 713, 716 (¶10) (Miss. Ct. App. 2007). Sharp then filed a motion for leave to proceed in the trial court on a claim of newly discovered evidence,[1] which the Mississippi Supreme Court granted in 2013. And Sharp filed a second PCR motion based on the victim's recanted testimony. After an evidentiary hearing, the circuit judge denied Sharp's most recent PCR motion. Sharp appealed.

## Recanted Testimony

¶3.	The basis of Sharp's present PCR motion was that his victim, A.S., recanted her trial testimony. A.S., who was Sharp's female relative, was ten years of age at the time of the trial. A.S. testified about "two episodes of sexual contact with Sharp: one of which contained all of the necessary elements of the crime of sexual battery and the other of which contained all the necessary elements of a charge of fondling or gratification of lust." *Sharp*, 862 So.

---

[1] *See* Miss. Code Ann. § 99-39-27(9) (Supp. 2014).

2d at 578 (¶6).[2]

¶4.     On September 7, 2012, A.S. signed an affidavit, recanting her trial testimony.  She claimed that in 2000 she testified falsely against Sharp because she "was scared and didn't know what to do about [her] family."  She insisted Sharp "did not commit any sexual crime against [her]" and she wanted "him to be released from prison."  A.S. apologized for putting Sharp "through this" and claimed she did so because she "was only 10 at the time and [Sharp] got drunk often and would hit [her] mom and that scared [her]."  She maintained he was serving prison time "for something he didn't do."

¶5.     A few months later, on December 12, 2012, A.S. executed yet another affidavit.  In this one she recanted her September 2012 affidavit.  As she put it, "I wrote a false affidavit [on] 9/7/12[,] stating that [Sharp] never sexually abused me because my brother presured [sic] me to do this."  Her brother's supposed motivation was that he wanted his father to "be released so he could know him."  A.S. claimed she was indeed "sexually abused."

¶6.     Based on A.S.'s September 2012 affidavit, Sharp filed a PCR motion citing newly discovered evidence.  At the evidentiary hearing, A.S., who was then twenty-two years of age, came up with another version of what happened.  She mentioned several times that

---

[2] This court in its opinion affirming Sharp's conviction did not specify exactly what A.S. said at trial, and Sharp did not provide a trial transcript in his present PCR appeal. We did previously note that before trial, when the child was being interviewed by the Department of Human Services (DHS), she "reported one incident where she contended Sharp had penetrated her vagina with his penis." She also reported an incident when she awoke to discover Sharp "rubbing his penis against her buttocks area." *Sharp*, 862 So. 2d at 577-78 (¶2). At the PCR evidentiary hearing, she testified her trial testimony that Sharp penetrated her with his penis was not true.

3

Sharp never penetrated her with his penis. This was contrary to her trial testimony. A.S. explained she testified differently at trial because she was told Sharp would get out of jail quickly if she did not mention him penetrating her with his penis. And she did not want Sharp to be released and hurt her mother again.

¶7. But during the evidentiary hearing when asked if Sharp penetrated her with his fingers, A.S. testified "[m]aybe there were some fingers penetrated" and "the penetration could have occurred from fingers." A.S. agreed the scarring to her vagina was from the fondling, but things were "blurry" because she "blocked so much out." When confronted about the September 2012 recanting affidavit, A.S. said it was not true because Sharp did in fact fondle her. Specifically, A.S. testified at the hearing that Sharp rubbed his penis on her buttocks and vagina one morning. But A.S. believed Sharp had served enough time and should be released so she and her brother could have a relationship with him.

¶8. A.S.'s mother and brother also testified. A.S.'s mother, Carla Sharp, testified that A.S. told her when she was twelve that Sharp never penetrated her with his penis. But Carla was too afraid to come forward because she feared DHS would take away her daughter again. According to Carla, about a year and a half before the evidentiary hearing, A.S. reiterated to her, with her younger brother also present, that Sharp never penetrated her with his penis. A.S.'s brother also testified that A.S. told him and their mother that Sharp never penetrated her with his penis. He also admitted he wanted a relationship with his father.

¶9. After the hearing, the circuit judge denied Sharp's PCR motion. He noted there was medical testimony to support A.S.'s trial testimony. And he found her hearing testimony and

4

conflicting affidavits were confusing and differed substantially, so he declined to rely on any of her post-trial explanations. In short, because the circuit judge did not find any of A.S.'s recanted, post-trial testimony credible, he denied Sharp's PCR motion.

**Discussion**

¶10. On appeal, Sharp claims A.S.'s recanted testimony entitles him to relief. But "experience teaches all courts a healthy skepticism toward recanted testimony." *Woods v. State*, 141 So. 3d 14, 16 (¶10) (Miss. Ct. App. 2014) (quoting *Yarborough v. State*, 514 So. 2d 1215, 1220 (Miss. 1987)). "The fact that a witness changes [her] testimony after the trial is not alone an adequate ground for granting a new trial." *Id*. (quoting *Russell v. State*, 849 So. 2d 95, 107 (¶15) (Miss. 2003)). Recanted testimony is, however, an adequate ground to grant a petitioner an evidentiary hearing, the purpose of which is for the trial judge to "better evaluate the testimony of the recanting witness." *Id*. at 16-17 (¶11). And the trial judge, sitting as the trier of fact, is tasked with resolving all credibility issues that arise in a PCR hearing. *Id*. at 17 (¶11) (citing *Esco v. State*, 102 So. 3d 1209, 1214 (¶13) (Miss. Ct. App. 2012)); *see also Turner v. State*, 771 So. 2d 973, 976 (¶8) (Miss. Ct. App. 2000) (because a recanting witness is a self-confessed liar, the trial judge must resolve whether the witness was lying then at trial or lying now at the PCR hearing).

¶11. The circuit judge was to resolve when, if ever, A.S. had been truthful about the sexual-abuse allegations. And after sifting the testimony and recantations, the judge determined A.S.'s trial testimony was more credible than her PCR testimony and affidavits. He found A.S.'s various claimed motivations suspect. Years after trial, she suggested she

5

said Sharp penetrated her because she feared he would "get back out." On another occasion, A.S. maintained she wanted her brother to get to know Sharp. And at one point, her emphasis was that she wanted Sharp released because she thought he had served enough time and would not hurt any other little girls.

¶12. The circuit judge viewed all of A.S.'s recanted testimony as highly suspect, which was his prerogative to do. Indeed, it is the "right and duty of the court to deny a new trial where it is not satisfied that the recanting testimony is true." *Woods*, 141 So. 3d at 17 (¶13) (quoting *Howell v. State*, 989 So. 2d 372, 384 (¶33) (Miss. 2008)). Determinations about recanted testimony and whether a guilty verdict should be set aside are within the judge's sound discretion. And this court "should not" tamper with such decisions unless they are "clearly erroneous." *Id*. (citing *Peeples v. State*, 218 So. 2d 436, 439 (Miss. 1969)). After review, we cannot say the judge's credibility assessments were clearly erroneous. Because the judge supported his decision with substantial evidence, we affirm the denial of Sharp's PCR motion.

¶13. **THE JUDGMENT OF THE ITAWAMBA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.**