# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-00963-COA

**GEORGE MASSEY A/K/A GEORGE LEE MASSEY**                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

DATE OF JUDGMENT:                07/27/2020
TRIAL JUDGE:                     HON. CHARLES W. WRIGHT JR.
COURT FROM WHICH APPEALED:       LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          KATHRYN RAE McNAIR
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 07/27/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.

### EMFINGER, J., FOR THE COURT:

¶1.     George Massey appeals the Lauderdale County Circuit Court's denial of his petition for post-conviction collateral relief. Finding no error in the circuit court's denial of Massey's petition, we affirm.

## PROCEDURAL HISTORY

¶2.     Massey was tried and convicted by a jury on September 11-12, 2007, for the lustful touching of a child in violation of Mississippi Code Annotated section 97-5-23 (Rev. 2006). He was sentenced on October 5, 2007, to a term of ten years in the custody of the Mississippi Department of Corrections, with five years suspended. He was ordered to serve five years

on supervised probation upon release and to pay certain fines and costs. He was further ordered to register as a sex offender as required by law. Massey's conviction was affirmed on appeal. *Massey v. State*, 992 So. 2d 1161, 1165 (¶19) (Miss. 2008). Massey then sought leave to file a petition for post-conviction collateral relief, which the Supreme Court granted on May 28, 2020. Massey filed a verified petition for post-conviction collateral relief (PCR) in the circuit court on June 2, 2020. In this petition, Massey contends that the complaining witness has recanted her testimony from 2007, and therefore, his conviction and sentence should be "vacated."

**FACTS**

¶3.     Brooke, a fourteen-year-old minor at the time of the alleged events, is Massey's great-niece. Brooke testified in the 2007 trial concerning events that occurred a little over a year earlier in June 2006. She testified that she was visiting her grandparents, as she often did, at the home they shared with Massey. Sometime during the afternoon of June 29, 2006, she was using the computer in Massey's bedroom while Massey was asleep in the same room. At some point Massey woke up, smoked a cigarette while sitting on the bed in boxer shorts, and then went to the bathroom. After he returned from the bathroom, Brooke testified that while Massey was talking with her, he began rubbing lotion on his feet. Massey then began to rub the lotion on her feet and legs, something he had never done before. Massey put his hand inside her shorts and panties and put lotion on her "private area." Brooke explained that Massey touched her vaginal area with his whole hand, and, at that point, she spun the chair around. Massey then got up and went back into the bathroom. Brooke ran to her

grandmother, who was in another room watching television, but did not tell her what happened because she was afraid. Brooke later returned to Massey's room where he tried to show her his "private area." Brooke left the room and went back to her grandmother. Although she testified that Massey was calling her back to the room, she remained with her grandmother. Brooke left her grandparents' home later that day and, according to her testimony, never returned. After three or four weeks passed, Brooke's grandfather called to inquire why it had been so long since she had been to visit. It was at that point she told her grandfather what had happened in Massey's bedroom on June 29, 2006.

¶4.    In his petition, Massey contends that Brooke has since recanted her trial testimony, and therefore, his conviction and sentence should be "vacated." An evidentiary hearing was held on July 22, 2020, with Brooke being Massey's sole witness. The State called no witnesses. Brooke recanted her trial testimony, first by affidavit, which was attached to Massey's petition, and then through testimony at the evidentiary hearing. Brooke testified that an adult friend of her mother, Dianne LaChalle, was in a relationship with Massey. Brooke said it was Diane who convinced her to fabricate the "made up sexual assault story." Brooke could not explain why Diane wanted her to lie, but Brooke testified that Diane said Brooke would go to jail if Brooke did not tell the "made up" story. Brooke also testified that Diane had died sometime since the trial.

¶5.    The circuit court, after hearing Brooke's testimony, found that Brooke was not a convincing and credible witness. The court found that her testimony therefore did not warrant granting a new trial in this matter and denied the PCR petition. Massey appeals the denial and

raises two assignments of error. First, Massey contends that the circuit court erred because he met his burden of proof at the hearing and that his petition should have been granted. Second, Massey contends that the circuit court erred by abdicating its neutrality and impartiality in its examination of the only witness called at the hearing.

## STANDARD OF REVIEW

¶6.     "When reviewing a trial court's denial or dismissal of a [PCR motion], we will only disturb the trial court's factual findings if they are clearly erroneous." *Chapman v. State,* 167 So. 3d 1170, 1172 (¶3) (Miss. 2015).

## ANALYSIS

### I.     Whether Massey met the burden of proof for post-conviction relief.

¶7.     Massey had the burden to establish by a preponderance of the evidence that he was entitled to the relief sought. *Rushing v. State*, 873 So. 2d 116, 119 (¶4) (Miss. Ct. App. 2003) (citing *Payton v. State*, 845 So. 2d 713, 716 (¶8) (Miss. Ct. App. 2003)). In *Turner v. State*, 771 So. 2d 973, 976 (¶¶10-11) (Miss. Ct. App. 2000), concerning post-conviction relief based upon recanted testimony, this Court said:

> "Experience teaches all courts a healthy skepticism toward recanted testimony." *Yarborough v. State*, 514 So. 2d 1215, 1220 (Miss. 1987). The fact that a witness changes his testimony is not in and of itself an adequate ground for granting of a new trial. *Peeples v. State*, 218 So. 2d 436, 438 (Miss. 1969). "Our skepticism does not translate into callousness, however." *Yarborough*, 514 So. 2d at 1220. Thus, an evidentiary hearing based upon the claim of recanted testimony was correct. *Id*.
>
> If the trial court's confidence in the correctness of the outcome of the trial is undermined, then the trial court should grant a new trial. *Id*. However, if the trial court is not fully satisfied with the truthfulness of the recanting testimony the court should deny a new trial. *Peeples*, 218 So. 2d at 439. "The

4

determination should be left to the sound discretion of the trial court and should not be set aside unless clearly erroneous." *Id*. "In the end we are reviewing a finding of ultimate fact, one made by a trial court sitting without a jury. We do not reverse such findings where they are supported by substantial credible evidence." *Yarborough*, 514 So. 2d at 1220.

¶8. The supreme court has noted that "[a] court will usually deny a new trial based on recanting testimony where it is not fully satisfied regarding the truthfulness of the testimony." *Peeples*, 218 So. 2d at 439. Whether a new trial is warranted based on recanting testimony is in the sound discretion of the circuit judge and should not be disturbed unless clearly erroneous. *Id.* Recanting testimony should be regarded with suspicion, and "[i]f the judge 'is not satisfied that such testimony is true,' the judge has 'the right and duty . . . to deny a new trial.'" *Graves v. State*, 187 So. 3d 173, 176 (¶13) (Miss. Ct. App. 2015) (quoting *Williams v. State*, 669 So. 2d 44, 53 (Miss. 1996)).

¶9. In this case, the circuit judge was not satisfied that Brooke was a convincing and credible witness. He noted that Brooke had left the stand three times "seemingly from uncontrollable emotions." Further, he was not convinced that "a 14 year old teenager could consistently and convincingly lie to all the entities involved in this matter" and was disturbed that Brooke waited from 2006 to 2019 to come forward. Massey concedes that "the record cannot voice the inflection used by the witness nor the pauses or hesitation associated with uncertainty."

¶10. "[C]redibility decisions are for the trial judge, not this court." *Graves*, 187 So. 3d at176 (¶12). Based on this record, we cannot find the circuit court's decision was clearly erroneous.

## II. Whether the circuit judge abused his authority in his examination of Brooke.

¶11.    Massey complains that the circuit judge's examination of Brooke was improper in length and substance; was neither impartial nor neutral; and rose to the level of advocating for the State. As such, Massey argues the examination is grounds for reversal. The Mississippi Rules of Evidence clearly allow a circuit judge to either call a witness on his own or examine a witness already testifying. MRE 614. Here, the circuit court was the trier of fact and as such should be given latitude to ask questions in order to make his findings. The supreme court has consistently held that on appeal, a circuit judge presiding over a bench trial is given the same deference as a chancellor with regard to his findings. *Dancy v. State*, 287 So. 3d 931, 936 (¶14) (Miss. 2020) (citing *Falkner v. Stubbs*, 121 So. 3d 899, 902 (¶8) (Miss. 2013)). Massey fails to point this Court to any authority where a circuit judge, as the trier of fact, was reversed on appeal for improper questioning of a witness. Massey points us to *Bell v. State* where this Court found a circuit court in error for questioning a witness on a subject not addressed by either counsel, which also occurred here. 287 So. 3d 944, 965 (¶69) (Miss. Ct. App. 2019). While the circuit court did address matters not covered by counsel, *Bell* involved a jury trial, and the error was found to be harmless. *Id.* at 966 (¶72). *Bell* simply does not apply here.

¶12.    Regardless of the propriety of the circuit judge's examination, Massey failed to object to any of the questions posed by the circuit judge. As a result, he cannot object to them on appeal. *Powell v. Ayars*, 792 So. 2d 240, 249 (¶32) (Miss. 2001). There is an exception to this procedural bar but only when the judge's conduct "was so reprehensible so as to deny a party

a fair trial." *Id*. (citing *Jackson Yellow Cab Co. v. Alexander*, 246 Miss. 268, 277, 148 So. 2d 674, 678 (1963)).

¶13.    In the present case, the circuit judge's examination of the witness was clearly geared toward a determination of the credibility of the witness. Such questioning was made necessary due to the fact that the only witness that could be called to challenge the truthfulness of Brooke's recantation had died. In any event, we find that the circuit court did not commit reversible error in its questioning of the only witness in this case.

### CONCLUSION

¶14.    Because the circuit court's confidence in the correctness of the outcome of the original trial was not undermined by the recanted testimony, which the circuit court found not to be "convincing or credible," we find that the refusal to grant post-conviction relief was not clearly erroneous. Thus we affirm the circuit court's denial of the relief requested.

¶15.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**